IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE LIVERMORE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.  2:21-cv-00566 |
| ) | |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| MERCER COUNTY, et al, ) | ECF No. 35 |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

For the reasons that follow, Defendants' Motion for Summary Judgment, ECF No. 35, will be denied.

Plaintiff Michelle Livermore, previously employed by Mercer County as a Corrections Officer, filed this civil rights action regarding Defendants' termination of her employment in February 2020.  In her brief Complaint, ECF No. 1, Plaintiff alleges that Defendants violated her rights to due process by terminating her - without the required *Loudermill* hearing - on February 14, 2020.  She seeks lost wages, benefits and reinstatement. The parties have filed other briefings and the issues raised in said Motion are ripe for

disposition.  *See* ECF Nos. 36, 37, 40, 41, and 44; *see also* ECF Nos. 23 and 38 (Defendants' Motion for Sanctions Under Rule 11 and Transcript of Proceedings).[1]

The parties have fairly laid out the relevant general legal standards regarding review on summary judgment, accompanied by citations to binding legal authority. *See generally* ECF Nos. 36 and 41.  And the legal standards applicable to establishment of Plaintiff's cause of action were noted by the Court in the proceedings on sanctions and correctly set forth in Plaintiffs' responsive pleadings.

Defendants' position is that (1) Plaintiff was not terminated on February 14 because the Warden (vs. Defendants' HR Department or Board of Commissioners) who literally sent her packing lacked authority to do so, or - less clearly - termination was never fully implemented and/or was effectively rescinded the following week; (2) Plaintiff's opportunity to participate in Defendants' ADA-related invitations, *e.g.*, to provide medical information, sufficed to any due process requirements pre-termination; (3) the hearing provided on February 20, if it was post-termination, nonetheless satisfied any due process requirements by analogy to cases regarding, *e.g.*, a union's duty of good faith representation; and/or (4) the Union contract arbitration decision finding, against Defendants' protestation, that Plaintiff was entitled to a *Loudermill* hearing but that one was provided on February 20, precludes Plaintiff's civil rights action.

---

[1] Defendans' Motion for Sanctions was denied, as was – with some pause – Plaintiff's request for fees.  ECF No. 38.

The Court rejects each of these assertions as a basis for summary judgment.  More generally, it concurs in substantial part with Plaintiff's cogent oral argument on Defendants' Motion for Sanctions, ECF No. 38, and responsive summary judgment briefing, ECF No. 41.  It further notes that Defendants' Brief in Support of this Motion, ECF No. 36, is at times factually disingenuous and legally overreaching.[2]

As the Court advised the parties during the proceedings on sanctions, at which time both counsel discussed the evidence of record, Plaintiff has established sufficient material fact questions to warrant trial;  *i.e.*, "Plaintiff's testimony is certainly to be heard by a jury in this matter" and there are material questions surrounding Defendants' post February 14 writings and whether Defendant was "trying to dial [events of that day and their legal effect] back."  ECF No. 38 at 35; *see also id.* at 29-31.  That conclusion has not changed.  More particularly, Plaintiff has sufficiently established or raised material fact questions regarding the following chronology in support of her action:[3]

Plaintiff, while working in an injury-related light-duty position, was advised by Defendants' HR Department on February 3, 2020 that Defendant's IME concluded she had

---

[2] *See e.g.*, ECF No. 44 at 4 (Defendants' assertion that nothing that happened "before or after" the February 14th meeting is "in dispute") although Defendant elsewhere debates, *e.g.*, fax dates and post office markings in disputing counsel's representations of prior communication.  As to Defendants' assertions by analogy to non-analogous cases, *see* ECF No. 41 at 6-7 (canvasing and distinguishing cases). As to its assertions regarding preclusion of Plaintiff's civil rights action by the union arbitration proceeding, ECF No. 36 at 3, *see* ECF No. 41 at 5-6.  The Court concurs with Plaintiff's analysis regarding both.

[3] *See* the parties briefing regarding the pending motion, Concise Statement of Material Facts and Response thereto, and the transcript of proceedings on the Motion for Sanctions.

3

reached maximum improvement from her injury, it had no permanent light-duty positions for Corrections Officers, and she would be terminated on February 14th absent a response. ECF No. 1 at 3-4.  Said response could include information regarding her recovery and potential date of full-duty return and/or application for alternative employment.

Plaintiff secured an appointment with her treating physician for February 19th.  Prior to February 14th, *i.e.*, on February 12th-13th, Plaintiff's counsel mailed and faxed responsive correspondence to Defendants.  Defendants either did not receive, had not fully processed or were unable to locate said correspondence prior to or during Plaintiff's shift on Friday, February 14.  Plaintiff and her Union steward (Doyle Whenry) were present with both Warden Craig and Deputy Warden McDuffy during events concerning her termination on February 14.  When the Warden indicated Plaintiff would be terminated for failure to respond to the letter of February 3, both Plaintiff and Whenry averred that her lawyer had replied.  Moreover, Plaintiff's spouse communicated by text with Whenry, attaching the lawyer's February 12 response, and Whenry made Defendants aware of the availability of that documentation.

The Warden and Deputy Warden were also in consultation with HR representative Tracy Romesberg, who was in consultation with HR Director, Defendant Hamilton (who was out of the office that day).  The Warden continued - after more than one internal consultation interval - to maintain that because Defendants had no response in hand Plaintiff was terminated.  Plaintiff was instructed by the Warden to clean out her locker and

she was escorted from the premises. The Warden's course of actions regarding Plaintiff's termination at the end of her shift was in accordance with the directions being given by the HR Department, as reflected in, *e.g.,* Deputy Warden's February 19th internal memorandum to the Warden document the sequence of events.  *See* ECF No. 38 at 15-23 (reading sections of memo into record of proceedings).  Plaintiff was removed from the schedule for Monday, February 17 and thereafter; and she has received no further pay or benefits.  ECF No. 1 at 4. And Plaintiff's Union promptly filed a Grievance asserting that she was terminated for failing to respond to the February 3 letter, and was terminated without just cause and without the required *Loudermill* hearing.  ECF No. 1-4.

On February 18, the following Tuesday, Defendants' HR sent Plaintiff a letter and her Steward an email asserting she was "not terminated at this time", extending her employment to February 21 – and offering a *Loudermill* hearing.[4]  On February 20, her employment was assertedly extended to February 24 – the date on which Defendant asserts she was effectively terminated with approval of the Board of Commissioners as noted in the meeting minutes of early March.

In sum, despite Defendants' pointed assertion that from the instant on February 14 at which Defendant was advised that communication had been attempted, "everything that came out of the County was to extend her time and give her more process", ECF No. 36 at 22, Plaintiff has raised numerous material fact questions suggesting that – to the contrary -

---

[4] ECF No. 1-5.  *Cf.*  ECF No. 38 at 23 (Defendants' counsel account that Defendant Hamilton later communicated to the Warden that "granted, maybe the [action on February 14] was a mistake.  Maybe we shouldn't have done it, but we'll give her until the 21st.").

Defendants proceeded to nonetheless terminate her employment that very afternoon, and that the purported (uncompensated) employment extensions and process undertaken the following week were in response to the Union's grievance of Defendants' violation of *Loudermill* on February 14. *Cf.* ECF No. 38 at 28 (noting that Plaintiff was not reinstated or provided backpay).[5]

Plaintiff's further briefings are largely persuasive and incorporated herein by reference. Consistent with the foregoing, the Court enters the following:

## II.  ORDER

Defendants' Motion for Summary Judgment, ECF No. 35, is **DENIED**.

**IT IS SO ORDERED.**

April 17, 2023

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc:  Counsel of record.

---

[5] *Cf. also* ECF No. 44 at 8 (Defendants' bullet point recitations of due process provided). The recitations skip from Defendants' observation that (a) on February 14 Plaintiff was advised Defendants intended to terminate her and "was able to provide information in response" to (b) Plaintiff was given the opportunity to provide information at a *Loudermill* hearing on February 20th). Defendants' recitation omits that in between these events Defendants assertedly determined not to postpone further employment action or extend her employment but to effect her termination (*i.e.*, to tell her to clear her locker and escort her out).